**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 13-CV-80385-Brannon
(consolidated with Case No. 13-CV-80730-Brannon)

SUN LIFE ASSURANCE COMPANY OF CANADA,

        Plaintiff,

v.

IMPERIAL HOLDINGS, INC.,

        Defendant.

IMPERIAL PREMIUM FINANCE, LLC,

        Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

        Defendant.

**MOTION TO PERMIT IMMEDIATE APPEAL OF ORDER
GRANTING SUMMARY JUDGMENT TO DEFENDANT IMPERIAL HOLDINGS, INC.**

**I.     INTRODUCTION**

On January 28, 2015, the Court granted Sun Life's motion to dismiss Imperial's complaint, which arose out of the purported damage Imperial suffered in the wake of Sun Life's lawsuit. The Court found that Sun Life enjoyed complete immunity for any of its litigation conduct and therefore, dismissed Imperial's complaint with prejudice.[1] One week later, on February 4, 2015, the Court reversed course and denied Sun Life's motion in its entirety, reviving claims premised solely upon Sun Life's litigation conduct.

---

[1] The Court permitted Imperial's claims to the extent they related to Sun Life's alleged failure to honor ownership and beneficiary changes. "With a substantial amount of reluctance," the Court also permitted Imperial's complaint to go forward with respect to certain "insincere" statements that allegedly constitute fraud.

The denial of Sun Life's motion to dismiss is immediately appealable under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. In particular, the Supreme Court has held that certain orders that do not terminate an action are nevertheless appropriately deemed final for purposes of appeal. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995). Courts in Florida and elsewhere have held that collateral orders denying suit immunity are immediately appealable because the immunity is effectively lost if the defendant is forced to go to trial. *See Osborn v. Haley*, 549 U.S. 225, 238-39, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007).[2]

Sun Life will promptly appeal the Court's order denying Sun Life's motion to dismiss under the collateral order doctrine. However, because Imperial's claims have been consolidated with Sun Life's now-dismissed lawsuit, the Court's summary judgment order may not be immediately appealable. Sun Life therefore requests that the Court amend its summary judgment order to direct final judgment against Sun Life under Federal Rule 54(b). Doing so will allow an immediate appeal of both the litigation privilege issue as well as the Court's application of *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007). There is no just reason to delay entry of a final judgment, and allowing the Eleventh Circuit to resolve both the litigation privilege issue as well as Imperial's *Martinez* defense in a single appeal would avoid unnecessary piecemeal appeals.

---

[2] The litigation privilege is an affirmative defense which affords "***absolute immunity*** … to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So.2d 606, 608 (Fla. 1994) (emphasis added). Less than six months ago, the Florida First District Court of Appeal held that the denial of a motion to dismiss premised upon the litigation privilege is immediately reviewable "because absolute immunity protects a party ***from having to defend a lawsuit at all*** and waiting until final appeal would render such immunity meaningless if the lower court denied dismissal in error." *James v. Leigh*, 145 So. 3d 1006, 1008 (Fla. Dist. Ct. App. 2014) (emphasis added).

Alternatively, the Court should certify for immediate appeal the interlocutory order of February 5, 2015.  The order raises two questions of law that are appropriate for certification to the Eleventh Circuit under 28 U.S.C. § 1292(b):  (1) whether an insurance company is barred from seeking damages from a non-owner of an insurance policy due to that policy's incontestability clause, and (2) whether breach of contract claims fall within an exception to the otherwise broad litigation privilege recognized by the Florida Supreme Court.

Under 28 U.S.C. § 1292(b), an interlocutory order may be appealed upon certification by the district court "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Here, the Court's granting of Imperial's motion for summary judgment based on *Martinez* has created a split of authority in the Southern District of Florida.  In addition, this Court has interpreted and applied the litigation privilege in two contradictory ways in the span of a single week.  Thus, there is substantial ground for difference of opinion as to both issues, and allowing an immediate appeal would facilitate the ultimate termination of the litigation.

## II.     ARGUMENT

Although the Court's recent order resulted in summary judgment as to all of Sun Life's remaining claims against Imperial, Imperial's consolidated complaint is still pending.  The Court's order, therefore, is not a final, appealable order, as it resolves less than all the pending claims.  Nevertheless, the instant circumstances present a compelling case for allowing Sun Life to take an immediate appeal from the Court's order.

### A. Sun Life Should be Permitted to Appeal the Court's Order as a Partial Final Judgment Pursuant to Rule 54(b)

Federal Rule of Civil Procedure 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (citing *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1024–25 (2d Cir. 1992)). The rule permits the district court to enter a judgment as to fewer than all claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). District courts follow a two-step analysis in determining whether an order may properly be certified under Rule 54(b). First, the court determines whether the order is in fact a final judgment in that it constitutes the ultimate disposition of a separable claim for relief. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). Second, the district court determines whether there is no "just reason for delay" in certifying the order as final and immediately appealable. *Id.* at 777.

In this case, the summary judgment order terminates Sun Life's action against Imperial. The only remaining claims to be resolved are those brought by Imperial against Sun Life in a separate lawsuit that was later consolidated. Therefore, the Order is a final determination of a separable claim.

Similarly, there is no just reason for delay in certifying the order as final and appealable. Presumably, the Court will stay litigation of Imperial's claims unrelated to the litigation privilege issue (*i.e.*, those premised upon Sun Life's alleged failure to make two ownership and beneficiary changes) in order to avoid the possibility of multiple trials on Imperial's lawsuit.[3] Deferring an appeal of Imperial's *Martinez* defense until after an appeal of the privilege issue

---

[3] Sun Life contemporaneously files a formal motion to stay the litigation pending Sun Life's appeal.

and a later trial on Imperial's claims (whether they include Imperial's entire lawsuit or just the unrelated claims) would needlessly prolong the litigation. Accordingly, Sun Life respectfully requests that the Court amend the summary judgment order to expressly state that there is no just reason for delay and to direct the entry of a final judgment against Sun Life.

      **B.**      **In the Alternative, Sun Life Should Be Permitted to Appeal the Court's Interlocutory Order Pursuant to 28 U.S.C. Section 1292**

Alternatively, Sun Life requests that the Court certify both issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1292(b), an interlocutory order may be appealed upon certification by the district court "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal under Section 1292(b) is an exception to the rule that appellate review must be conducted after final judgment. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). Certification is proper "where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.* at 1256. The Court's order here plainly satisfies the requirements set forth in 28 U.S.C. § 1292.

          **1.**      **The Court's Order Addresses Controlling Questions of Law**

A controlling question of law for purposes of Section 1292(b) is one that deals with a purely legal question; in order words, "matters the court of appeals can decide quickly and cleanly without having to study the record." *McFarlin*, 381 F.3d at 1258; *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007). Here, the Court's recent order involves two controlling questions of law. The first question is whether a life insurance policy's incontestable clause strips a life insurer of all causes of action, including claims under 18 U.S.C.

§ 1964 arising from racketeering conduct. The second question concerns whether an incontestable provision constitutes a waiver of the immunity afforded under Florida's litigation privilege. There is no doubt that both of these questions constitute controlling questions of law. Indeed, Sun Life's entire complaint depends on the outcome of the first question, while Imperial's complaint, almost in its entirety, depends on the outcome of the second question. Further, both are pure questions of law that do not depend on the determination of factual disputes. Accordingly, the two issues constitute pure questions of controlling law within the meaning of 28 U.S.C. § 1292(b).

> 2. There is a Substantial Ground for Difference of Opinion on the Controlling Question of Law

"To satisfy the second element, [an appellant] must show that at least two courts interpret the relevant legal principle differently." *Figueroa*, 382 B.R. at 824. The court may consider "authority from within and beyond the circuit in which it sits" to find substantial grounds for a difference of opinion concerning the court's legal reasoning. *In re Pac. Forest Prods. Corp.*, 335 B.R. 910, 922 (S.D. Fla. 2005). It is clear from the divergent opinions issued by different judges of the Southern District of Florida that there is a substantial ground for difference of opinion as to the two issues for which certification is sought.

Regarding the question of whether an incontestability clause bars a claim for damages, there is a split of authority within the Southern District. For example, the Court's decision here is directly at odds with Judge Middlebrooks's decision in *Sciaretta v. Lincoln National Life Ins. Co.*, 899 F. Supp. 2d 1318 (S.D. Fla. 2012). In *Sciaretta*, a trust that owned a life insurance policy sought a declaration that the policy was valid. The insurer asserted a counterclaim for declaratory relief as well as claims for material misrepresentation and fraud. The policy owner moved for summary judgment on the damages claims, citing the policy's incontestable clause.

6

The court rejected this argument, stating that "even if the policy is not found to be void *ab initio*, Lincoln can still bring an independent action in tort that seeks not to void the contract, but rather damages for the fraud." *Sciaretta*, 899 F. Supp. 2d at 1328; *see also Guarantee Trust Life Ins. Co. Wood*, 631 F. Supp. 15, 20-21 (N.D. Ga. 1984). In addition, this Court's analysis of *Martinez* is at odds with other Eleventh Circuit precedent. *See Bankers Security Life Ins. Society v. Kane*, 885 F.2d 820, 822 (11th Cir. 1989) (recognizing that the incontestability clause does not bar a fraud suit provided that it is not merely a cover for challenging the validity of the insurance contract).

Regarding the question of whether an incontestability provision constitutes a waiver of the immunity afforded under Florida's litigation privilege, this Court has, over the course of one week, interpreted and applied the relevant legal principle in two contradictory ways—first holding that the privilege was applicable and dismissing most of Imperial's complaint, then reversing itself and holding the privilege inapplicable. This decision is also at odds with *James v. Leigh*, 145 So. 3d 1006 (Fla. Dist. Ct. App. 2014), which rejected the very same arguments advanced by Imperial here. In particular, the *James* court held that there is no exception to the litigation privilege for contract causes of action. Indeed, the Court specifically held that "the absolute litigation privilege is a firmly established right of immunity designed to protect the public" and is, therefore, non-waivable. *Id*. at 1008-09. This Court's decision is also at odds with the commands of the Florida Supreme Court of Florida, which has held that the litigation privilege applies "***in all causes of action***." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) (emphasis added).

Therefore, it is clear that courts – indeed, at least two courts in this district as to the *Martinez* issue and this same court at different points in time as to the litigation privilege issue – interpret the relevant legal principle differently. Consequently, there is substantial ground for

difference of opinion on the controlling questions of law, and the Court should certify these issues for appeal.

### 3. An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation

"The third requirement for granting leave to appeal is met if resolution of the controlling question of law substantially reduces the amount of litigation left in the case." *Figueroa*, 382 B.R. at 825.  Appellate resolution of a controlling legal question will materially advance the ultimate termination of the litigation where it "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin,* 381 F.3d at 1259.  Here, an immediate appeal would materially advance the ultimate termination of the litigation because it would resolve the issues immediately, provide clarity to the parties, and determine the scope of the litigation going forward.

Specifically, because Sun Life intends to appeal the litigation privilege issue as a matter of right under the collateral order doctrine, it would be most efficient to stay the litigation of the non-related claims to ensure there is only one trial of Imperial's lawsuit.  Upon the conclusion of the appeal and a resolution of the litigation privilege issue, the parties will know whether a trial of Imperial's lawsuit will encompass its entire lawsuit or just the unrelated claims.  If Sun Life is forced to wait until after the conclusion of that lawsuit before it can appeal the *Martinez* defense, it will take several years before this matter is finally resolved.  If the Eleventh Circuit were to affirm this Court's decision on the litigation privilege issue, a trial is likely to be significantly delayed because Sun Life intends to implead additional parties who are potentially liable over to Sun Life.  If the Eleventh Circuit reverses this Court's decision, there would be no need to expand the scope of the litigation, and an immediate appeal may prevent the possibility.  Accordingly, certifying the litigation privilege issue and the *Martinez* defense to be reviewed in a

single appeal would substantially advance the ultimate termination of this lawsuit.

### III.     CONCLUSION

For the reasons set forth above, Sun Life respectfully requests that the Court direct the entry of a final judgment under Federal Rule 54(b) because there is no just reason for delaying an appeal of Sun Life's appeal.  Alternatively, Sun Life requests that the court certify the February 5, 2015 order to allow an interlocutory appeal of both the Martinez defense and the litigation privilege issue under 28 U.S.C. § 1292(b).

### CERTIFICATION OF CONFERENCE PURSUANT TO LOCAL RULE 7.1(a)(3)

Counsel for Sun Life has conferred with counsel for Imperial in good faith regarding the requested relief, and Imperial opposes Sun Life's request.

Dated:  February 10, 2015

PETT FURMAN, PL
Attorneys for Sun Life
Assurance Company of Canada
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 (fax)


By:__s/Wendy L. Furman_____
         Wendy L. Furman
         Fla. Bar No. 0085146
         wfurman@pettfurman.com

*Of Counsel*
Jason P. Gosselin *(Admitted Pro Hac Vice)*
Thomas S. Downie *(Admitted Pro Hac Vice)*
Stephen A. Serfass *(Admitted Pro Hac Vice)*
John M. Bloor *(Admitted Pro Hac Vice)*
John M. Moore *(Admitted Pro Hac Vice)*
Nolan B. Tully *(Admitted Pro Hac Vice)*
Christopher F. Petillo *(Pro Hac Motion Pending)*
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2700
Jason.gosselin@dbr.com
Thomas.downie@dbr.com
Stephen.serfass@dbr.com
John.bloor@dbr.com
John.moore@dbr.com
Nolan.tully@dbr.com
Christopher.petillo@dbr.com

**CERTIFICATE OF SERVICE**

I certify that on February 10, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Jesus E. Cuza, Esq.
>J. Raul Cosio, Esq.
>Holland & Knight LLP
>701 Brickell Ave.
>Suite 3000
>Miami, FL 33131
>jesus.cuza@hklaw.com
>raul.cosio@hklaw.com
>*Counsel for Defendants*
>
>Philip E. Rothschild, Esq.
>Holland & Knight LLP
>515 E. Las Olas Blvd.
>Suite 1200
>Ft. Lauderdale, FL 33301
>Phil.rothschild@hklaw.com
>*Counsel for Defendants*

>*s/Wendy L. Furman*
>Wendy L. Furman