**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 13-CV-80385-Brannon
(consolidated with Case No. 13-CV-80730-Brannon)

---

SUN LIFE ASSURANCE COMPANY OF CANADA,

               Plaintiff,

     v.

IMPERIAL HOLDINGS, INC.,

               Defendant.

---

IMPERIAL PREMIUM FINANCE, LLC,

               Plaintiff,

     v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

               Defendant.

---

**SUN LIFE ASSURANCE COMPANY OF CANADA'S
MEMORANDUM REGARDING JURISDICTION
AND RENEWED MOTION FOR STAY
IN LIGHT OF SUN LIFE'S NOTICE OF APPEAL**

## I.      INTRODUCTION

Sun Life timely filed a notice of appeal relating to this Court's denial of Sun Life's motion to dismiss.  D.E. 307.  As set forth in the notice of appeal and other filings, because Sun Life's motion to dismiss was premised on the absolute immunity afforded by Florida's litigation privilege, the denial of that motion is immediately appealable under the collateral order doctrine. The Court now asks the parties to submit briefs setting forth their respective positions as to this Court's jurisdiction over Imperial's claims in light of Sun Life's notice of appeal.  D.E. 309.

Only one court may assert jurisdiction at any one time.  Thus, as of the moment Sun Life filed its notice of appeal in the Eleventh Circuit, the Eleventh Circuit has exclusive jurisdiction over all aspects of the case subject to appeal (*i.e.*, any aspect of Imperial's complaint that implicates the immunity afforded by Florida's litigation privilege).  Conversely, this Court was divested of jurisdiction over any aspect of Imperial's complaint pertaining to the litigation privilege.  In other words, the only portion of Imperial's lawsuit over which this Court may asset jurisdiction is Imperial's claim that Sun Life failed to make certain beneficiary changes. Moreover, to the extent that Imperial maintains that collateral order jurisdiction is lacking, that is for the Eleventh Circuit to decide, and this Court cannot take any action unless and until the Eleventh Circuit declines jurisdiction.

## II.     ARGUMENT

### A.      The Filing of a Notice of Appeal Divests the District Court of Jurisdiction over a Case.

Only one court may exercise jurisdiction over a matter at one time.  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *U.S. v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (acknowledging rule that only one court at a time may exercise jurisdiction and stating that it "serves to avoid the confusion and waste of time that would result from dual jurisdiction").  As the Supreme Court stated in *Griggs*:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs*, 459 U.S. at 58; *see also Doe v. Bush,* 261 F.3d 1037, 1064 (11th Cir.2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those

1

aspects of the case that are the subject of the appeal."); *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir.1999) ("It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case."); *U.S. v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) ("When an appeal is filed, the district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal.") (internal quotations omitted) (emphasis in original); *Shewchun v. U.S.*, 797 F.2d 941, 942 (11th Cir. 1986) ("[T]he filing of an appeal of virtually any sort acts to freeze all proceedings in the district court pending resolution of the appeal.").

The denial of Sun Life's motion to dismiss is subject to the collateral order doctrine. Sun Life timely filed a notice of appeal (D.E. 307), and upon doing so this Court was divested of jurisdiction over any aspect of Imperial's case pertaining to the litigation privilege.

**B. The Eleventh Circuit Court of Appeals Has Jurisdiction to Hear an Immediate Appeal of a Collateral Order**

Based on the telephone status conference held by this Court on February 26, 2015 (D.E. 308), it appears that Imperial may argue that the denial of Sun Life's motion to dismiss is not properly appealable as a collateral order. Imperial is simply incorrect on this point. More importantly, it is for the Eleventh Circuit to decide whether it has collateral order jurisdiction, and this Court may not exercise jurisdiction unless or until the Eleventh Circuit issues an order of remand.

**1. *Eleventh Circuit Has Collateral Order Jurisdiction***

For the last sixty-five years, federal courts have recognized that certain orders that do not resolve litigation in its entirety should be deemed "final decisions" for purposes of 28 U.S.C. § 1291. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court of the United States recognized that an immediate appeal as of right may be taken from that "small class [of trial court orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546. This is commonly known as the "collateral order doctrine."

Since the Supreme Court first recognized the "collateral order doctrine" in *Cohen*, it has become well accepted that, in order to be an immediately appealable collateral order, a trial court's order must satisfy three conditions: "It must 'conclusively determine the disputed

question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).  Federal Courts, including the Supreme Court of the United States, have stressed "that the 'narrow exception' [created by the collateral order doctrine] should stay that way and never be allowed to swallow the general rule, that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (internal quotations omitted).  However, where an appellant can show that each of the elements stated above have been met, the appellant may appeal an order by a district court as of right, and the court of appeals has jurisdiction over the subject of that appeal pursuant to 28 U.S.C. § 1291.

Citing *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009), Imperial has elsewhere argued that the collateral order does not support immediate appeal here.  Imperial is incorrect.  In *Mohawk*, the Supreme Court addressed the collateral order doctrine in the context of the attorney-client privilege.  Although the Court concluded that a collateral order appeal was not necessary to ensure effective review in that case, the Court did not eliminate the collateral order doctrine, as Imperial seems to believe.

Both before[1] and after *Mohawk,* federal courts have recognized that orders denying immunity from suit are properly subject to a collateral order appeal.  *See, e.g.*, *Plumhoff v. Rickard*, --- U.S. ---, 134 S.Ct. 2012, 2018-19, 188 L.Ed.2d 1056 (2014) (holding that Court of Appeals properly exercised jurisdiction over appeal from collateral order denying motion for summary judgment premised on claim of qualified immunity); *Keating v. City of Miami*, 598 F.3d 753, 759-60 (11th Cir. 2010) (same for claim of qualified immunity); *Hatcher ex rel. Hatcher v. Fusco*, 570 Fed. Appx. 874 (11th Cir. 2014) (same); *Gray v. City of Roswell*, 564 Fed. Appx. 1001 (11th Cir. 2014) (same); *Keith v DeKalb County, Georgia*, 749 F.2d 1034 (11th Cir.

---

[1] *See, e.g.*, *Nixon v. Fitzgerald,* 457 U.S. 731, 742, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982) (holding that order denying claim of presidential immunity is appealable under the collateral order doctrine); *Mitchell v. Forsyth,* 472 U.S. 511, 524–30, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (same); *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (same for claim of immunity under the Speech and Debate Clause); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (same for claim of immunity under Double Jeopardy Clause).

2014) (same); *Cruz v. Davidson*, 552 Fed. Appx. 865 (11th Cir. 2013) (same); *State Farm Mut. Auto Ins. Co. v. Duval Imaging, LLC*, 411 Fed. Appx. 268, 269 (11th Cir. 2011) (finding that denial of motion for summary judgment on basis of Florida's litigation privilege was immediately reviewable as collateral order because, under Florida law, this immunity is immunity from suit).

The Supreme Court's decision in *Plumhoff* is particularly instructive. Approximately four and a half years after *Mohawk*, the Court recognized that the collateral order doctrine permits immediate appeals as of right from orders denying dispositive motions on the grounds of immunity from suit. The Court explained the rationale behind this rule as follows:

> [Q]ualified immunity is an immunity from suit rather than a mere defense to liability. As a result, pretrial orders denying qualified immunity generally fall within the collateral order doctrine. This is so because such orders conclusively determine whether the defendant is entitled to immunity from suit; this immunity issue is both important and completely separate from the merits of the action, and this question could not be effectively reviewed on appeal from a final judgment *because by that time the immunity from standing trial will have been irretrievably lost.*

*Plumhoff*, 134 S.Ct. at 2019 (internal quotations omitted) (emphasis added). Thus, less than a year ago, the Supreme Court reiterated that orders denying dispositive motions based upon claims of immunity ***cannot*** be effectively reviewed after trial, because the ***very right*** provided by the immunity was the right to ***avoid standing trial***. As a result, where a claim of immunity from suit is denied, the order denying that claim is immediately appealable as a collateral order.

Moreover, the Eleventh Circuit has *already* concluded that an appeal from an order denying a dispositive motion invoking Florida's litigation privilege is properly appealable as a collateral order. In *State Farm Mut. Auto Ins. Co. v. Duval Imaging, LLC*, 411 Fed. Appx. 268 (11th Cir. 2011), the Eleventh Circuit addressed an appeal filed by an individual who was a court-appointed receiver. The individual filed a motion for summary judgment, stating that the plaintiff's case against him was based on actions taken in his capacity as court-appointed receiver and, as such, he was entitled to immunity under Florida's litigation privilege. When the district court denied that motion, the individual appealed. Citing *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606 (Fla. 1994) and *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380 (Fla. 2007), the Eleventh Circuit found that the Florida litigation privilege afforded participants in litigation –

such as the receiver here – immunity from suit, and thus the Eleventh Circuit properly had jurisdiction pursuant to the collateral order doctrine. *Duval Imaging, LLC*, 441 Fed. Appx. at 269.

To the extent Imperial intends to argue that the denial of Sun Life's motion to dismiss is outside the scope of the collateral order doctrine, Imperial is wrong.

### 2.   *Eleventh Circuit Will Decide Questions of Its Own Jurisdiction*

Even if Imperial were correct, it is not for this Court to determine whether the Eleventh Circuit may assert jurisdiction under the collateral order doctrine. Sun Life filed a timely notice of appeal, and the Eleventh Circuit is obligated to confirm the existence of its own jurisdiction.[2] If it has any doubt, it will issue an order requiring the parties to brief any question of jurisdiction. *See* 11th Cir. R. 31-1(d). Similarly, if Imperial actually believes the Eleventh Circuit lacks jurisdiction over the appeal, it may file a motion to dismiss the appeal. Ultimately, the Eleventh Circuit, which has jurisdiction to decide its own jurisdiction, will determine if the appeal is proper. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("a federal court always has jurisdiction to determine its own jurisdiction"). Until such time as the Eleventh Circuit dismisses the appeal and remands the matter, this Court may not take any action respecting the issue on appeal. *See Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.,* 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.") (citations and internal quotation marks omitted).

---

[2] The Eleventh Circuit's procedure for dealing with jurisdictional questions is set forth in the Eleventh Circuit Rules of Appellate Procedure, which states in relevant part:

> (d) Jurisdictional Question. If, upon review of the district court docket entries, order and/or judgment appealed from, and the notice of appeal, it appears that this court may lack jurisdiction over the appeal, the court may request counsel and pro se parties to advise the court in writing of their position with respect to the jurisdictional question(s) raised.

11th Cir. R. 31-1(d); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1536 (11th Cir.1994) ("every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings")

**C.** **Sun Life Respectfully Renews Its Motion to Stay the Litigation in Its Entirety Pending a Decision from the Eleventh Circuit**

When the Court denied Sun Life's motion for a stay, Sun Life had not at that time filed its notice of appeal. Now that the notice has been filed, and there is no question that the Court lacks jurisdiction over the vast majority of Imperial's lawsuit, Sun Life respectfully renews its motion for a stay of the entire case. Even if Imperial could survive summary judgment on the single, narrow issue unaffected by the litigation privilege – *i.e.*, Sun Life's purported failure to change the owner and beneficiary of record on certain policies – it is highly inefficient to proceed with a partial case. In particular, if this Court's decision on the litigation privilege is affirmed, denying a stay *guarantees* that there will be two trials on Imperial's claims. To avoid the possibility of two trials, Sun Life renews its motion for a stay of the entire case.

**III.** **CONCLUSION**

For the reasons set forth above, Sun Life hereby submits that upon Sun Life's filing of its notice of appeal on February 26, 2015, the Eleventh Circuit has exclusive jurisdiction over the aspects of the case involved in Sun Life's appeal pursuant to 28 U.S.C. § 1291 and that this Court is divested of jurisdiction those aspects of the case.

Dated:  March 5, 2015

PETT FURMAN, PL
Attorneys for Plaintiff
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 (fax)


By: __s/Wendy L. Furman
   Wendy L. Furman
   Fla. Bar No. 0085146
   wfurman@pettfurman.com

*Of Counsel*
Jason P. Gosselin (Admitted *Pro Hac Vice*)
Thomas S. Downie (Admitted *Pro Hac Vice*)
John M. Bloor (Admitted *Pro Hac Vice*)
John M. Moore *(*Admitted *Pro Hac Vice)*
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2700
Jason.Gosselin@dbr.com
Thomas.Downie@dbr.com
John.Bloor@dbr.com
John.Moore@dbr.com

7

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 5, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

George E. Schultz, Jr., Esq.
Jesus E. Cuza, Esq.
J. Raul Cosio, Esq.
Holland & Knight LLP
701 Brickell Ave.
Suite 3000
Miami, FL 33131
buddy.schulz@hklaw.com
jesus.cuza@hklaw.com
raul.cosio@hklaw.com
*Counsel for Defendants*

Philip E. Rothschild, Esq.
Holland & Knight LLP
515 E. Las Olas Blvd.
Suite 1200
Ft. Lauderdale, FL 33301
Phil.rothschild@hklaw.com
Frank.morreale@hklaw.com
*Co-Counsel for Defendants*

<u>s/Wendy L. Furman</u>
Wendy L. Furman

8