UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80385-Civ-Brannon
(consolidated with Case No. 13-cv-80730)

SUN LIFE ASSURANCE COMPANY
OF CANADA,

        Plaintiff(s),

vs.

IMPERIAL HOLDINGS INC., et al.,

        Defendant(s).
_____/



## ORDER MEMORIALIZING RULINGS AT HEARING

THIS CAUSE is before the Court following a hearing held on June 24, 2016, on Imperial's Motion for Equitable Application of October 31, 2014 Scheduling Order (DE 435), Sun Life's motion to preclude evidence of Imperial's "could-not-sell" damages theory from trial, and the Court's reserved rulings on Imperial's Motion for Partial Summary Judgment on Count II of its Complaint and Sun Life's Affirmative Defenses (DE 358). After hearing argument from both sides, the Court ruled from the bench on some matters and ordered a joint status report to be filed regarding pending matters. To memorialize the rulings at the hearing, and for the reasons stated in open Court, the Court ORDERS as follows:

    The Court previously GRANTED IN PART and DENIED IN PART Imperial's Motion for Partial Summary Judgment on Count II of its Complaint and Sun Life's Affirmative Defenses (DE 358) and reserved ruling on Sun Life's Affirmative Defenses 2, 3, 4, 5, 11, 12, 13, 17, 19, 20, 21, 22, and 24. *See* DE 442. The Court now strikes Sun Life's Affirmative Defenses 5, 13, 17, 21, and 24, allows Affirmative Defenses 2, 3, 4, 11, 19, 22, and 23 (as re-plead in DE 448), and treats Affirmative Defense 20 as a denial. Sun Life withdraws Affirmative Defense 12.

    It is further ORDERED that Sun Life's motion to preclude evidence of Imperial's "could-not-sell" damages theory from trial is GRANTED. Because Imperial first disclosed a damages computation arising out of an inability to sell the policies on March 18, 2016 by way of the Third Johnson Report, the Court precludes all testimony from trial of Imperial's inability to sell the

1

policies as part of its damages theory. The Court relies upon Rule 26's disclosure requirement that a party must provide a computation of each category of damages claimed, and a party is not excused from this requirement because another party has not made its disclosures. *See* Fed. R. Civ. P. 26(a)(1). Imperial first disclosed a computation of each category of damages claimed when it served its First Johnson Report on November 18, 2014, and the Court has already ruled that Imperial's Third Johnson Report is not a mere update or supplement to the First or Second Johnson reports. A damage theory should not be a moving target. *See Gordon v. Wal-Mart Supercenter*, 2009 WL 3850288, *6 (S.D. Ala. Nov. 12, 2009). It should be noted that Sun Life has no pending claims at this time in light of the Court's previous rulings.

It is further ORDERED that the parties shall file a joint status report by **July 7, 2016** regarding Imperial's damages computation and any discovery that the parties believe is still needed in this case.

The Court reserves ruling on Imperial's Motion for Equitable Application of October 31, 2014 Scheduling Order (DE 435). The Court is inclined to grant the motion insofar as it seeks to bar further discovery in the case. However, the Court reserves ruling until after the parties' joint status report is filed.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 29th day of June, 2016.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE