UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:13-cv-80385-Brannon
(consolidated with 13-80730-Brannon)

SUN LIFE ASSURANCE COMPANY
OF CANADA (U.S.),

    Plaintiff,

v.

IMPERIAL HOLDINGS, INC., et al.

    Defendants.
_____/

IMPERIAL PREMIUM FINANCE, LLC

    Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

    Defendant.
_____/

# DECLARATION OF CHRISTOPHER J. O'REILLY
(July 26, 2016)

I, Christopher J. O'Reilly, declare the following:

1. I am of legal age, General Counsel at Emergent Capital, Inc., formally known as Imperial Holdings, Inc. ("Emergent" or "Imperial Holdings"), and I reside in Miami, Florida. I issue this document based on my personal knowledge and/or my review of relevant business records at Emergent and its subsidiaries, including Imperial Premium Finance, LLC ("Imperial Finance") and the owners of the Policies at issue in this case. By issuing this statement, I do not waive attorney/client privilege and I do not rely on or refer to any communication or conversation that is protected by the attorney/client privilege.

2. As stated in the Complaint filed in this case against Sun Life by Imperial Finance, all causes of action belonging to Imperial Holdings and the owners of the policies at issue in this case ("Policies") have been assigned to Imperial Finance (Imperial Finance as owner of its causes of action and assignee of all causes of action assigned to it is hereinafter referred to as "Imperial").

3. Based on what I personally know and/or on the business records I have reviewed, I confirm the accuracy of the following statements:

   a) Sun Life refused to honor and process written requests for change of ownership and beneficiary as required under the Policies for policies insuring the lives of Elizabeth Geller, June Fuhrman, and James Deberry. This started in the summer of 2012.

   b) Sun Life also failed to mail the requisite Grace Period notices, in accordance with its obligations under the Policies, for the policies insuring the lives of June Fuhrman, Elizabeth Geller, and Ernest Caparelli.

   c) Sun Life's actions with regard to these three Policies impacted and undermined Imperial's rights and privileges, among other things, with regard to *all* of the Sun Life Policies. For example, Sun Life's actions in 2012 interfered with Imperial's efforts to finance all of the Policies as part of what is known as the Beal deal. Moreover, because Sun Life has challenged the validity of the Policies and refused to change ownership of the Policies free and clear from any claim or defense, Imperial has never been able to utilize the Policies as collateral for its credit facility.

   d) Sun Life has continued to insist on payment of all premiums on the Policies despite its breaches and intentional interference with Imperial's rights under the Policies, its refusal to acknowledge the Policies' validity, and the significant damages that Imperial

has suffered as a result of having assets (the Policies) that have been useless to Imperial.

e) To date, Imperial has been forced to pay over $10 million in premiums for defective Policies that Imperial has not been able to utilize since the summer of 2012 because of Sun Life's breaches.

f) In addition, because the Policies could not be included as part of the Beal deal, Imperial was forced to borrow additional monies in order to continue making premium payments. This expense related to paying the premiums alone has caused Imperial over $5 million in interest-related damages.

g) Imperial has also incurred over $12,000,000 in attorneys' fees and costs as a result of Sun Life's breaches. In order to pay for these fees and costs, Imperial has had to borrow funds and has also spent over $4,500,000 in interest-related expenses.

h) As a result of Sun Life's failure to abide by the terms of the Policies and undeterred and uninterrupted effort to challenge and contest the validity of the Policies, Imperial has been forced to discount the value of the Policies by 600 basis points yearly (equating to millions of dollars) since Sun Life filed its Complaint in 2013. The devaluation was calculated by Imperial's Fair Value Committee and has been reviewed by Imperial's external auditors.

i) All payments made by any of the Imperial Holdings entities or their agents have been made for and on behalf of Imperial. And, at all relevant times, Imperial Finance and the Imperial entities that have owned the Policies (directly or through their agents) have been acting as agents of Imperial Holdings.

j) But for Sun Life's fraudulent misrepresentation in the Policies (including in the incontestability provision), Imperial would not have premium-financed loans for the

       Policies and would, therefore, not have subsequently owned the Policies and been forced to, among other things, pay premiums.

k) Sun Life's misrepresentations and false statements have caused Imperial significant damages, including millions of dollars in payments and expenses Imperial would have never incurred had it not been for said misrepresentations and false statements.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2016

_____
Christopher J. O'Reilly