**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 13-CV-80385-Brannon
(consolidated with Case No. 13-CV-80730-Brannon)

SUN LIFE ASSURANCE COMPANY OF CANADA,

Plaintiff,

v.

IMPERIAL HOLDINGS, INC.,

Defendant.

IMPERIAL PREMIUM FINANCE, LLC,

Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

Defendant.

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED CIVIL ACTION COMPLAINT**

Defendants Imperial Holdings, Inc., Imperial Premium Finance, LLC, Imperial Life Financing II, LLC, Imperial Life Settlements, LLC, Imperial PFC Financing, LLC, Imperial PFC Financing II, LLC, Olipp I, LLC, and PSC Financial, LLC (collectively, "Imperial"), by undersigned counsel and pursuant to Court's Order Setting Trial Before U.S. Magistrate Judge and Pretrial Scheduling Order [DE 583], hereby file their Amended Answer and Affirmative Defenses to the Second Amended Civil Action Complaint [DE 150] ("SAC") brought by Plaintiff Sun Life Assurance Company of Canada (U.S.) ("Sun Life").

In summary, following the Eleventh Circuit's decision in *Sun Life Assurance Company of Canada v. Imperial Premium Finance, LLC*, Nos. 17-10189, 17-10415 (11th Cir. 2018) [DE 564], Imperial now responds solely to Sun Life's claims for Rico (Count 1); Rico Conspiracy (Count 2); Fraud (Count 3); Aiding and Abetting Fraud (Count 4) and Tortious Interference with Contractual Relations (Count 6).  The dismissal of Sun Life's remaining claims—for Conspiracy to Commit Fraud (Count 5) and Declaratory Judgment (Count 7)—was affirmed on appeal.  [DE 564].

## INTRODUCTION[1]

1.      Imperial admits that Sun Life purports to state a cause of action for civil racketeering, conspiracy to commit civil racketeering, fraud, aiding and abetting fraud and tortious interference with contractual relations.  The remaining allegations of Paragraph 1 are denied.

2.      Imperial admits that there is a secondary market for the sale of life insurance policies. Imperial denies the remaining allegations of Paragraph 2.

3.      Denied.

4.      Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and, therefore, denies them.

5.      Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and, therefore, denies them.

6.      Imperial admits that it is no longer in the premium financing business.  Imperial denies the remaining allegations of Paragraph 6.

7.      Denied.

8.      Denied.

---

[1]      Certain headings from the SAC are reproduced herein for consistency.

9.      Denied.

10.     Denied.

11.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and, therefore, denies them.

## PARTIES

12.     Admitted.

13.     Imperial admits that Imperial Holdings, Inc. was once a company organized and existing under the laws of Florida with its business address at 701 Park of Commerce Blvd, Suite 301, Boca Raton, Florida 33487.  As to the claims alleged in the SAC, the document speaks for itself.  Imperial denies the remaining allegations of Paragraph 13.

14. - 20.  Denied.  *See* [DE 564].

## JURISDICTION AND VENUE

21.     Imperial admits that the Court has both federal question jurisdiction over Plaintiff's Racketeering Influenced and Corrupt Organizations Act ("RICO") claims and jurisdiction under 28 U.S.C. §1332. Imperial denies the remaining allegations of Paragraph 21.

22.     Imperial admits that venue is proper in this district.  Imperial denies the remaining allegations of Paragraph 22.

## CAUSES OF ACTION

### COUNT I – RICO
### (VIOLATIONS OF 18 U.S.C. §1962(a) and (c)
### AGAINST IMPERIAL HOLDINGS, INC.

23.     Imperial admits that the owner of a life insurance policy must have an "insurable interest" at the inception of the policy.  Imperial denies the remaining allegations of Paragraph 23.

24.     Imperial admits that "insurable interest" is a legal concept.  Imperial denies the remaining allegations of Paragraph 24.

25.     The quoted legal opinion speaks for itself.  Imperial denies the remaining allegations of Paragraph 25.

26.     Imperial admits that Florida law requires an insurable interest at the inception of a life insurance policy, and that a third party may acquire an existing life insurance policy by assignment.  Imperial denies the remaining allegations of Paragraph 26.

27.     Denied.

28.     Imperial admits that there is a secondary market for life insurance.  Imperial denies the remaining allegations of Paragraph 28.

29.     Denied.

30.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and, therefore, denies them.

31.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and, therefore, denies them.

32.     Imperial admits it owns certain Sun Life insurance policies.  Imperial denies the remaining allegations of Paragraph 32.

33.     Denied.

34.     Denied.

35.     The quoted documents speak for themselves.  Imperial denies the remaining allegations of Paragraph 35.

36.     Denied.

37.     Imperial admits that the individuals listed in Paragraph 37 were all appointed broker general agents and/or individual producers of Sun Life.  Imperial denies the remaining allegations of Paragraph 37.

38.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and, therefore, denies them.

39.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and, therefore, denies them.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

**Robert Good**

55.    Imperial admits that Sun Life issued a life insurance policy on the life of Robert Good and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55, and, therefore, denies them.

56.    Denied.

57.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and, therefore, denies them.

58.    Denied.

59.    Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 59.

60.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 60.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Imperial admits having had communications with Virgil Thomas.  Imperial denies the remaining allegations of Paragraph 66.

67.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 67.

68.     Denied.

**Elizabeth Geller**

69.     Imperial admits that Sun Life issued a life insurance policy on the life of Elizabeth

Geller and that the referenced insurance application speaks for itself.  Imperial lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in Paragraph

69, and, therefore, denies them.

70.     Denied.

71.     Imperial lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 71 and, therefore, denies them.

72.     Imperial admits having had communications with insurance producers.  Imperial

denies the remaining allegations in Paragraph 72.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Imperial admits it issued financing in connection with the Elizabeth Geller life

insurance policy.  Imperial denies the remaining allegations in Paragraph 76.

77.     Imperial admits having had communications with Sydney Geller.  Imperial denies

the remaining allegations of Paragraph 77.

78.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun

Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of

Paragraph 78.

79.     Denied.

**Terry Degraw**

80.     Imperial admits that Sun Life issued a life insurance policy on the life of Terry Degraw and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80, and, therefore, denies them.

81.     Denied.

82.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and, therefore, denies them.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 87.

88.     Imperial admits it issued financing in connection with the Terry DeGraw life insurance policy.  Imperial denies the remaining allegations of Paragraph 88.

89.     Imperial admits having communications with Mark DeGraw.  Imperial denies the remaining allegations of Paragraph 89.

90.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 90.

91.     Denied.

8

**Esta Klein**

92.     Imperial admits that Sun Life issued a life insurance policy on the life of Esta Klein and that the referenced insurance application speaks for itself.   Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 92, and, therefore, denies them.

93.     Denied.

94.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and, therefore, denies them.

95.     Imperial admits having had communications with insurance producers.   Imperial denies the remaining allegations in Paragraph 95.

96.     Imperial admits having had communications with insurance producers.   Imperial denies the remaining allegations in Paragraph 96.

97.     Imperial admits having had communications with insurance producers.   Imperial denies the remaining allegations in Paragraph 97.

98.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98, and, therefore, denies them.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Imperial admits having had communications with insurance producers.   Imperial denies the remaining allegations in Paragraph 103.

104.    Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 104.

105.    Imperial admits it issued financing in connection with the Esta Klein life insurance policy.  Imperial denies the remaining allegations of Paragraph 105.

106.    Imperial admits having had communications with Harvey Klein.  Imperial denies the remaining allegations of Paragraph 106.

107.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 107.

108.    Denied.

**Dale Dickler**

109.    Imperial admits that Sun Life issued a life insurance policy on the life of Dale Dickler and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 109, and, therefore, denies them.

110.    Denied.

111.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111, and, therefore, denies them.

112.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 112.

113.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 113.

114.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 114.

115.     Denied.

116.     Denied.

117.     Imperial admits it issued financing in connection with the Dale Dickler life insurance policy.  Imperial denies the remaining allegations of Paragraph 117.

118.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 118.

119.     Imperial admits having had communications with Stewart Dickler.  Imperial denies the remaining allegations of Paragraph 119.

120.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 120.

121.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 121.

122.     Denied.

**Joan Korn**

123.     Imperial admits that Sun Life issued a life insurance policy on the life of Joan Korn and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 123, and, therefore, denies them.

124.     Denied.

125.     Denied.

11

126.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 126.

127.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 127.

128.    Denied.

129.    Denied

130.    Denied.

131.    Imperial admits it issued financing in connection with the Joan Korn life insurance policy.  Imperial denies the remaining allegations of Paragraph 131.

132.    Imperial admits having had communications with Michael Schrimsher.  Imperial denies the remaining allegations of Paragraph 132.

133.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 133.

134.    Denied.

**June Fuhrman**

135.    Imperial admits that Sun Life issued a life insurance policy on the life of June Fuhrman and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 135, and, therefore, denies them.

136.    Denied.

137.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137, and, therefore, denies them.

138.    Denied.

139.    Denied.

140.    Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 140.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Imperial admits it issued a loan in connection with the June Fuhrman life insurance policy.  Imperial denies the remaining allegations of Paragraph 144.

145.    Imperial admits having had communications with Benham Fuhrman.  Imperial denies the remaining allegations of Paragraph 145.

146.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 146.

147.    Denied.

**Gary Granby**

148.    Imperial admits that Sun Life issued a life insurance policy on the life of Gary Granby and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 148, and, therefore, denies them.

149.    Denied.

150.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150, and, therefore, denies them.

151.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 151.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Imperial admits it issued financing in connection with the Gary Granby life insurance policy.  Imperial denies the remaining allegations of Paragraph 155.

156.    Imperial admits having had communications with Lynn Kimpling.  Imperial denies the remaining allegations of Paragraph 156.

157.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 157.

158.    Denied.

**Evelyn Mitchel**

159.    Imperial admits that Sun Life issued a life insurance policy on the life of Evelyn Mitchel and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 159, and, therefore, denies them.

160.    Denied.

161.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161 and, therefore, denies them.

162.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 162.

163.    Denied.

164.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 164.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 168.

169.    Imperial admits it issued financing in connection with the Evelyn Mitchel life insurance policy.  Imperial denies the remaining allegations of Paragraph 169.

170.    Imperial admits having had communications with Monroe Mitchel.  Imperial denies the remaining allegations of Paragraph 170.

171.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 171.

172.    Denied.

**George Victor**

173.    Imperial admits that Sun Life issued a life insurance policy on the life of George Victor and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 173, and, therefore, denies them.

174.    Denied.

15

175.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175, and, therefore, denies them.

176.    Denied.

177.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 177.

178.    Denied.

179.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 179.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 184.

185.    Imperial admits it issued financing in connection with the George Victor life insurance policy.  Imperial denies the remainder of the allegations in Paragraph 185.

186.    Imperial admits having had communications with Marianne Victor.  Imperial denies the remaining allegations of Paragraph 186.

187.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 187.

188.    Denied.

**Hannah Parnes**

189.     Imperial admits that Sun Life issued a life insurance policy on the life of Hannah Parnes and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 189, and, therefore, denies them.

190.     Denied.

191.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191, and, therefore, denies them.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 195.

196.     Imperial admits it issued financing in connection with the Hannah Parnes life insurance policy.  Imperial denies the remaining allegations of Paragraph 196.

197.     Imperial admits having had communications with Moshe Schecter.  Imperial denies the remaining allegations of Paragraph 197.

198.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 198.

199.     Denied.

**Donna Solk**

200.    Imperial admits that Sun Life issued a life insurance policy on the life of Donna Solk and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 200, and, therefore, denies them.

201.    Denied.

202.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 202, and, therefore, denies them.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Imperial admits it issued financing in connection with the Donna Solk life insurance policy.  Imperial denies the remaining allegations of Paragraph 209.

210.    Imperial admits having had communications with Bud Solk.  Imperial denies the remaining allegations of Paragraph 210.

211.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 211.

212.    Denied.

**Evelyn Blakeslee**

213.    Imperial admits that Sun Life issued a life insurance policy on the life of Evelyn Blakeslee and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 213, and, therefore, denies them.

214.    Denied.

215.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215, and, therefore, denies them.

216.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 216.

217.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 217.

218.    Denied.

219.    Denied.

220.    Imperial admits it issued financing in connection with the Evelyn Blakeslee life insurance policy.  Imperial denies the remaining allegations of Paragraph 220.

221.    Imperial admits having had communications with Michael Schrimsher.  Imperial denies the remaining allegations of Paragraph 221.

222.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 222.

223.    Denied.

**Sandra Berner**

224.     Imperial admits that Sun Life issued a life insurance policy on the life of Sandra Berner and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 224, and, therefore, denies them.

225.     Denied.

226.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 226, and, therefore, denies them.

227.     Denied.

228.     Denied.

229.     Denied.

230.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 230.

231.     Imperial admits it issued financing in connection with the Sandra Berner life insurance policy.  Imperial denies the remaining allegations of Paragraph 231.

232.     Imperial admits having had communications with Melvin Berner.  Imperial denies the remaining allegations of Paragraph 232.

233.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 233.

234.     Denied.

**Polya Blitshtein**

235.   Imperial admits that Sun Life issued a life insurance policy on the life of Polya Blitshtein and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 235, and, therefore, denies them.

236.   Denied.

237.   Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 237, and, therefore, denies them.

238.   Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 238 and, therefore, denies them.

239.   Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 239.

240.   Denied.

241.   Denied.

242.   Denied.

243.   Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 243.

244.   Imperial admits it issued financing in connection with the Polya Blitshtein life insurance policy.  Imperial denies the remaining allegations of Paragraph 244.

245.   Imperial admits having had communications with Ira Einhorn.  Imperial denies the remaining allegations of Paragraph 245.

246.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.   Imperial denies the remaining allegations of Paragraph 246.

247.     Denied.

**Helene Miller**

248.     Imperial admits that Sun Life issued a life insurance policy on the life of Helene Miller and that the referenced insurance application speaks for itself.   Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 248, and, therefore, denies them.

249.     Denied.

250.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 250, and, therefore, denies them.

251.     Imperial admits having had communications with insurance producers.   Imperial denies the remaining allegations in Paragraph 251.

252.     Denied.

253.     Denied.

254.     Denied.

255.     Imperial admits it issued financing in connection with the Helene Miller life insurance policy.   Imperial denies the remaining allegations of Paragraph 255.

256.     Imperial admits having had communications with Lee Margolis.   Imperial denies the remaining allegations of Paragraph 256.

257.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 257.

258.     Denied.

**James DeBerry**

259.     Imperial admits that Sun Life issued a life insurance policy on the life of James DeBerry and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 259, and, therefore, denies them.

260.     Denied.

261.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261, producers and, therefore, denies them.

262.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 262.

263.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 263.

264.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 264.

265.     Denied.

266.     Denied.

267.     Denied.

268.     Denied.

269.     Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 269.

270.     Imperial admits it issued financing in connection with the James DeBerry life insurance policy.  Imperial denies the remaining allegations of Paragraph 270.

271.     Imperial admits having had communications with Lynn Freiheit.  Imperial denies the remaining allegations of Paragraph 271.

272.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 272.

273.     Denied.

**Manfred Von Nordheim**

274.     Imperial admits that Sun Life issued a life insurance policy on the life of Manfred Von Nordheim and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 274, and, therefore, denies them.

275.     Denied.

276.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 276, and, therefore, denies them.

277.     Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 277.

278.     Denied.

279.     Denied.

280.     Denied.

281.    Imperial admits it issued financing in connection with the Manfred Von Nordheim life insurance policy.  Imperial denies the remaining allegations of Paragraph 281.

282.    Imperial admits having had communications with Lori Platt.  Imperial denies the remaining allegations of Paragraph 282.

283.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 283.

284.    Denied.

**Martin Wasser**

285.    Imperial admits that Sun Life issued a life insurance policy on the life of Martin Wasser and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 285, and, therefore, denies them.

286.    Denied.

287.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 287, and, therefore, denies them.

288.    Denied.

289.    Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 289.

290.    Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 290.

291.    Denied.

292.    Denied.

293.     Denied.

294.     Imperial admits it issued financing in connection with the Martin Wasser life insurance policy.  Imperial denies the remaining allegations of Paragraph 294.

295.     Imperial admits having had communications with Dorothy Wasser.  Imperial denies the remaining allegations of Paragraph 295.

296.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 296.

297.     Denied.

**Diane Pastore**

298.     Imperial admits that Sun Life issued a life insurance policy on the life of Diane Pastore and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 298, and, therefore, denies them.

299.     Denied.

300.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300 and, therefore, denies them.

301.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 301.

302.     Denied.

303.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 303.

304.     Denied.

305.    Imperial's issued Indications of Interest speak for themselves.  Imperial denies the remaining allegations of Paragraph 305.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Imperial admits it issued financing in connection with the Diane Pastore life insurance policy.  Imperial denies the remaining allegations of Paragraph 309.

310.    Imperial admits having communications with Brenda Barrera.  Imperial denies the remaining allegations of Paragraph 310.

311.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 311.

312.    Denied.

**Kalman Talansky**

313.    Imperial admits that Sun Life issued a life insurance policy on the life of Kalman Talansky and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 313, and, therefore, denies them.

314.    Denied.

315.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 315, and, therefore, denies them.

316.    Denied.

317.   Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 317.

318.   Denied.

319.   Denied.

320.   Denied.

321.   Imperial admits it issued financing in connection with the Kalman Talansky life insurance policy.  Imperial denies the remaining allegations of Paragraph 321.

322.   Imperial admits it had requirements regarding the trusts used to own policies. Imperial denies the remaining allegations in Paragraph 322.

323.   Imperial admits having had communications with Washington Mutual.  Imperial denies the remaining allegations in Paragraph 323.

324.   Imperial admits having had communications with William Gahwyler, Jr.  Imperial denies the remaining allegations of Paragraph 324.

325.   Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 325.

326.   Denied.

**Sheila Bernstein**

327.   Imperial admits that Sun Life issued a life insurance policy on the life of Sheila Bernstein and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 327, and, therefore, denies them.

328.   Denied.

329.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 329, and, therefore, denies them.

330.     Imperial admits having had communications with insurance producers.  Imperial denies the remaining allegations in Paragraph 330.

331.     Denied.

332.     Denied.

333.     Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 333, and, therefore, denies them.

334.     Denied.

335.     Denied.

336.     Imperial admits it issued financing in connection with the Sheila Bernstein life insurance policy.  Imperial denies the remaining allegations of Paragraph 336.

337.     Imperial admits having had communications with Joel Bernstein.  Imperial denies the remaining allegations of Paragraph 337.

338.     Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 338.

339.     Denied.

**Ronald Spohn**

340.     Imperial admits that Sun Life issued a life insurance policy on the life of Ronald Spohn and that the referenced insurance application speaks for itself.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 340, and, therefore, denies them.

341.    Denied.

342.    Imperial lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 342, and, therefore, denies them.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Imperial admits having had communications with Bruce Dern.  Imperial denies the remaining allegations of Paragraph 346.

347.    Imperial admits that a default occurred and that an Imperial entity submitted to Sun Life a policy ownership and beneficiary change.  Imperial denies the remaining allegations of Paragraph 347.

348.    Denied.

349.    Imperial admits that law enforcement officers entered its Florida office on September 27, 2011.  Imperial lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 349 and, therefore, denies them.

350.    Admitted.

351.    The Non-Prosecution Agreement speaks for itself.  Imperial denies the remaining allegations of Paragraph 351.

352.    The Non-Prosecution Agreement speaks for itself.  Imperial denies the remaining allegations of Paragraph 352.

353.    The Non-Prosecution Agreement speaks for itself.  Imperial denies the remaining allegations of Paragraph 353.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Denied.

361.    Denied.

362.    Denied.

363.    Denied.

364.    Denied.

365.    Denied.

366.    Denied.

**COUNT TWO – RICO CONSPIRACY**
**VIOLATIONS OF 18 U.S.C. §1962(d)**
**AGAINST IMPERIAL HOLDINGS, INC.**

367.    Denied.

368.    Denied.

369.    Denied.

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

376.     Denied.

377.     Denied.

## COUNT THREE –FRAUD
### AGAINST IMPERIAL HOLDINGS, INC.

378.     Denied.

379.     Denied.

380.     Denied.

381.     Denied.

382.     Denied.

383.     Denied.

384.     Denied.

385.     Denied.

## COUNT FOUR – AIDING AND ABETTING FRAUD
### AGAINST IMPERIAL HOLDINGS, INC.

386.     Denied.

387.     Denied.

388.     Denied.

389.     Denied.

## COUNT FIVE – CIVIL CONSPIRACY TO COMMIT FRAUD
### AGAINST IMPERIAL HOLDINGS, INC.

390.- 394. Count Five has been dismissed with prejudice, which was affirmed by the

Eleventh Circuit Court of Appeals in *Sun Life Assurance Company of Canada v. Imperial Premium

Finance, LLC*, Nos. 17-10189, 17-10415 (11th Cir. 2018).  [DE 564].

## COUNT SIX – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### AGAINST IMPERIAL HOLDINGS, INC.

395.    Denied.

396.    Denied.

397.    Denied.

398.    Denied.

399.    Denied.

400.    Denied.

## COUNT SEVEN – DECLARATORY JUDGMENT
### 28 U.S.C. §2201
### AGAINST ALL DEFENDANTS

401. - 402. Count Seven has been dismissed with prejudice, which was also affirmed by the Eleventh Circuit in *Sun Life Assurance Company of Canada v. Imperial Premium Finance, LLC*, Nos. 17-10189, 17-10415 (11th Cir. 2018).  [DE 564].

## RELIEF REQUESTED

Imperial denies that Sun Life is entitled to any relief requested in paragraphs A-E or any other relief sought in the SAC.[2]

## AFFIRMATIVE DEFENSES

1.      Sun Life's claims against Imperial are barred, in whole or in part, by both the two-year contestability period for each Sun Life policy at issue which in each case expired before Sun Life filed its action against Imperial—and by Florida's applicable incontestability statute, Fla. Stat. § 627.455.  As the Florida Supreme Court has recognized during the pendency of this action, "[U]nder the plain language of [Florida Statute] § 627.455, a policy that had the required

---

[2]      All allegations of the SAC not expressly admitted to herein are denied.

insurable interest at its inception, even where that interest is created as the result of a STOLI scheme, is incontestable after two years." *Wells Fargo Bank N.A. v. Pruco Life Ins. Co.*, 200 So. 3d 1202, 1206 (Fla. 2016); *see also*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1063 (11th Cir. 2007).

2.      Sun Life's claims are barred in whole or in part by *stare decisis* as multiple foreign state law decisions and related state statutes with language identical to Fla. Stat. § 627.455 have barred fraud-based claims in this context.

3.      Sun Life's damages claims are barred, in whole or in part, as to monies it would have received if the subject life insurance policies had stayed owned by the original insureds, as opposed to having ownership of these policies transferred to Imperial, since Sun Life alleges in the SAC that it would never have issued the policies absent Imperial's purported scheme.

4.      Sun Life's damages claims are barred, in whole or in part, as it cannot substantiate any legally cognizable injury from its policies being owned by Imperial since its initial insureds were at all times material allowed to sell such policies to an investor at any time.

5.      Sun Life's claims against Imperial are barred, in whole or in part, by the doctrine of unclean hands. Sun Life continued to accept premiums from its insureds (or the trusts that owned their policies) and later by Imperial to keep the insurance policies in force, but did nothing to challenge the policies during the lawful contestability period even though Sun Life knew or reasonably should have known of the alleged unlawful acts of Imperial. Sun Life admittedly waited to file suit against Imperial until after the applicable contestability period ended. Thus, Sun Life breached the incontestability clause of the applicable insurance policies, and similarly violated § 627.455, Florida Statute.

6.      Sun Life's claims against Imperial are barred, in whole or in part, by the doctrine of waiver. Sun Life continued to accept premiums from its subject insureds (or the trusts that owned

their policies) and later by Imperial to keep the insurance policies in force, but did nothing to challenge the policies during the lawful contestability period even though Sun Life knew or reasonably should have known of the alleged unlawful acts by Imperial. Sun Life relinquished its right to contest its liability under the subject insurance policies by failing to act during the applicable contestability period.

7.      Sun Life's claims against Imperial are barred, in whole or in part, by the doctrine of equitable estoppel. Sun Life continued to accept premiums from its insureds (or the trusts that owned their policies) and later by Imperial to keep the insurance policies in force, but did nothing to challenge the policies during the lawful contestability period even though Sun Life knew or reasonably should have known of the alleged unlawful acts of Imperial. Imperial reasonably relied to its detriment on Sun Life's inaction in failing to timely challenge the policies. Accordingly, Sun Life is estopped from denying or renouncing the obligations to provide the subject insured coverage.

8.      Sun Life's claims against Imperial are barred, in whole or in part, by the doctrine of laches. Sun Life continued to accept premiums from its subject insureds (or the trusts that owned their policies) and later by Imperial to keep the insurance policies in force, but did nothing to challenge the policies during the lawful contestability period even though Sun Life knew or reasonably should have known of the alleged unlawful acts of Imperial. Sun Life had the opportunity to bring a law suit during the applicable contestability period, yet did not. As a result of this delay, Imperial has been prejudiced and damaged economically.

9.      Sun Life's claims against Imperial are barred, in whole or in part, by the statute of limitations. All or part of Sun Life's fraud-based claims (SAC Counts One through Four) were brought more than four years after Sun Life knew or reasonably should have known of the alleged unlawful acts of Imperial and any resulting damages. Likewise, all or part of Sun Life's tortious interference with contractual relations claim, Count Six, was brought more than four years after Sun

Life knew or reasonably should have known of the alleged unlawful acts of Imperial and any resulting damages.

10.     Sun Life's claims against Imperial are barred, in whole or in part, since Imperial did not cause Sun Life's claimed damages.

11.     Sun Life's claims against Imperial are barred, in whole or in part, because all of Imperial's alleged actions were lawful, justified, and done in furtherance of Imperial's legitimate business interests.

12.     Sun Life's RICO claims against Imperial (SAC Counts One and Two) are barred, in whole or in part, because Imperial did not manage, control, participate in or otherwise engage in any pattern of racketeering.

13.     Sun Life's RICO claims against Imperial (SAC Counts One and Two) are barred, in whole or in part, because, Imperial did not combine or conspire with any third party to manage, control, participate in or otherwise engage in any pattern of racketeering.

14.     Sun Life's RICO claims against Imperial (SAC Counts One and Two) are barred, in whole or in part, because, the members of the purported enterprise, including Imperial, acted for their own individual gain and not for purposes of the alleged enterprise.

15.     Sun Life's RICO claims against Imperial (SAC Counts One and Two) are barred, in whole or in part, because, Imperial lacked the requisite intent to defraud with respect to the alleged predicate acts of mail and/or wire fraud.

16.     Sun Life's RICO claims against Imperial (SAC Counts One and Two) are barred, in whole or in part, because concerning the alleged predicate acts of mail and/or wire fraud, Imperial had a genuine, good faith belief that it provided and/or sent true information.

17.      Sun Life's fraud-based claims (SAC Counts One through Four) are barred, in whole or in part, because the alleged acts of the producers are not imputable to Imperial because no agency relationship exists between Imperial and those producers.

18.      Sun Life's claim against Imperial for tortious interference with contractual relations (SAC Count Six) is barred, in whole or in part, because at all times material to this case, Imperial was engaging in protected competition and business activity in good faith and in furtherance of its own economic interests.

19.      Sun Life's claim against Imperial for tortious interference with contractual relations (SAC Count Six) is barred, in whole or in part, because the purported contractual relations with insurance producers were terminable at will by Sun Life or the insurance producer.

20.      Imperial is entitled to a setoff amount equal to the premium payments made to Sun Life by the subject insureds (or the trusts that owned their policies) and later by Imperial to keep the policies in force, notwithstanding Sun Life's acknowledgment to the its insureds (or the trusts that owned their policies) or Imperial that the policies were in force and active.

21.      Imperial is entitled to a setoff amount equal to any profits or other financial benefit Sun Life realized as a result of issuing the policies.

22.      Sun Life's recovery, if any, should be reduced, in whole or in part, to the extent it has unreasonably failed to mitigate its damages.

23.      Imperial's communications with insurance producers to inform them of Imperial's services is commercially protected speech under the First Amendment to the United States Constitution.

24.      Any award of punitive damages in this case would be arbitrary, violate Imperial's right to fair notice of conduct that would subject it to punishment, and otherwise violate Imperial's constitutional rights of due process and equal protection, including but not limited to

the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

25.    Sun Life's demand for punitive damages is subject to the limitations of due process as encompassed in the Fifth Amendment to the United States Constitution and construed by *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

26.    Sun Life's demand for punitive damages is, to the extent predicated on substantive Florida tort law, subject to the limitations of Florida Statutes § 768.73.

Dated:  April 30, 2019

BERGER SINGERMAN LLP
*Attorneys for Imperial*
1450 Brickell Ave., Suite 1900
Miami, FL  33131-3453
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Justin B. Elegant*
　　 Paul S. Singerman
　　 Florida Bar No. 378860
　　 Justin B. Elegant
　　 Florida Bar No. 0134597
　　 Kenneth W. Waterway
　　 Florida Bar No.  994235
　　 Geoffrey Lottenberg
　　 Florida Bar No. 56240
　　 singerman@bergersingerman.com
　　 jelegant@bergersingerman.com
　　 kwaterway@bergersingerman.com
　　 glottenberg@bergersingerman.com
　　 drt@bergersingerman.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF System upon all parties registered to receive electronic notice as indicated on the attached Electronic Mail Notice List on this 30th day of April, 2019.

<u>s/ Justin B. Elegant</u>
Justin B. Elegant

Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stephen C. Baker**
  stephen.baker@dbr.com
- **John Bloor**
  john.bloor@dbr.com
- **Jesus E. Cuza**
  jesus.cuza@hklaw.com,rebecca.canamero@hklaw.com,marta.urra@hklaw.com,monica.vila@hklaw.com,gelsy.rivas@hklaw.com
- **Justin B. Elegant**
  jelegant@bergersingerman.com,fsellers@bergersingerman.com,efile@bergersingerman.com,drt@bergersingerman.com
- **Wendy Lynn Furman**
  wendy.furman@mhllp.com,lisa.nurse@mhllp.com,pfjlaw2101@aol.com,marcia.lamarque@mhllp.com
- **Jason P. Gosselin**
  jason.gosselin@dbr.com
- **John M. Moore**
  john.moore@dbr.com
- **Christopher F. Petillo**
  christopher.petillo@dbr.com
- **Kristina Beth Pett**
  kristina.pett@mhllp.com,pfjlaw2101@aol.com,marcia.lamarque@mhllp.com
- **Philip E. Rothschild**
  phil.rothschild@hklaw.com,carmen.ramsey@hklaw.com
- **George E. Schulz , Jr**
  buddy.schulz@hklaw.com,wanda.brinkley@hklaw.com
- **Stephen A. Serfass**
  Stephen.serfass@dbr.com
- **Paul Steven Singerman**
  singerman@bergersingerman.com,efile@bergersingerman.com,DRT@ecf.inforuptcy.com,drt@bergersingerman.com,mdiaz@bergersingerman.com
- **Nolan B. Tully**
  nolan.tully@dbr.com
- **Monica Vila**
  monica.vila@hklaw.com,carla.cosio@hklaw.com
- **Kenneth Wayne Waterway**
  kwaterway@bergersingerman.com